IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ALLEN, #B43715, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00851-GPM |
| ) | |
| DAVID A. REDNOUR, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Anthony Allen and 56 other named plaintiffs, all of whom are inmates in the custody of the Illinois Department of Corrections, have brought this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred at Menard Correctional Center. There are 51 named defendants and three additional categories of unidentified defendants. Incidents occurring from May 2011 to the present are described in the complaint, most of which can be categorized as pertaining to "conditions of confinement" claims. Allegations of retaliation, and disparate treatment based on race are also made.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; the complaint shall be summarily dismissed without prejudice and with leave to amend.

## Discussion

### Multiple Plaintiffs

As a preliminary matter, the complaint is problematic because it is signed only by Plaintiff Anthony Allen, not by all named plaintiffs. Plaintiff Allen clearly drafted the complaint, but he does not even know each plaintiff's name—two plaintiffs are referred to only

by their last names. Whether Allen has taken it upon himself to file an action on behalf of the other 56 plaintiffs remains to be seen.

Allen is proceeding *pro se* and he has moved for pauper status based on his own lack of funds (*see* Doc. 2). Allen is not an attorney. Federal Rule of Civil Procedure 11(a) requires each party or his attorney to sign the complaint and all other pleadings. Although individuals may represent themselves in federal court, *pro se* litigants and non-lawyers cannot represent other individuals or corporations. *Nocula v. Tooling Systems International Corp.,* 520 F.3d 719, 725 (7th Cir.2008) ("corporations cannot appear pro se, and one *pro se* litigant cannot represent another") (citations omitted). Therefore, Allen cannot proceed as though he is representing the other 56 named plaintiffs.

Not only must each plaintiff sign the complaint, each must also pay the $400 filing fee ($350 for those granted pauper status). *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). Each plaintiff's individual obligation to pay the filing fee for this action was, theoretically, incurred at the time the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). However, because the complaint was signed only by Plaintiff Allen, the filing fee will not automatically be assessed against each plaintiff. Rather, only Allen is deemed liable for the fee at this point in time. The other plaintiffs will be given a period of time within which to "opt in" to this action and to pay the filing fee.

**The Claims**

Federal Rule of Civil Procedure 8(a) requires only a "short and plain" statement of the claims, showing entitlement to relief. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.

2003) (affirming the dismissal of a complaint with 400 paragraphs covering 155 pages followed by ninety-nine attachments, replete with undefined acronyms and mysterious cross-references). Considering the number of plaintiffs and defendants, the 57-page complaint (excluding exhibits) is relatively brief. Although the Court attempts to liberally construe *pro se* litigant's pleadings, the Court cannot be left to fashion claims and arguments from what is generally one long narrative of events that can aptly be characterized as a "bucket of mud."

It is difficult to discern the claims particular to Plaintiff Allen from claims that are intended to be made by all plaintiffs. The complaint generally describes a chronological narrative specific to Allen, but general and specific allegations are so intertwined so that the Court cannot merely construe the complaint as pertaining only to Allen.

It is equally difficult to discern which defendant allegedly did what to whom. Not only are all 57 plaintiffs not mentioned in the narrative, not all of the defendants are mentioned. Also, the use of the pronoun "he" without otherwise identifying the defendant in *some* way makes it impossible for the Court to attempt to delineate all of the claims plaintiffs may be aiming to pursue.

Additionally, many claims are no more than conclusory assertions that do not satisfy the *Twombly* standard. Even if the Court were to attempt to frame claims from the narrative, many would fail based on basic principles of civil rights law. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). And, claims of retaliation and

conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008), *quoting Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006).

**Severance**

The many incidents described in the complaint, whether they happened only to Plaintiff Allen or to all 57 plaintiffs, cannot be brought in a single action. In *George v. Smith,* the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. 507 F.3d 605, 607 (7th Cir.2007, *citing* 28 U.S.C. § 1915(b), (g). This concept must be kept in mind when drafting any amended complaint in order to avoid having claims severed into separate actions. Each plaintiff would have to pay an additional filing fee for each severed action.

**Pending Motions**

There are several pending motions from named Plaintiffs, as well as letters received by the Court. These motions will be addressed by separate order, if necessary.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiffs' complaint is **DISMISSED without prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that, on or before **October 14, 2013**, any and all plaintiffs who desire to proceed shall file an amended complaint, signed by each named plaintiff. In recognition of the fact that the plaintiffs are not all at the same facility, a plaintiff may file an affidavit joining in the amended complaint and certifying that all allegations made in the amended complaint are true and correct to the best of the plaintiff's knowledge and belief and are

in compliance with Federal Rules of Civil Procedure 11(a) and 11(b). Each plaintiff joining in the amended complaint must also either pay the $400 filing fee or move to proceed *in forma pauperis*.

Any plaintiff who does not join in the amended complaint shall be dismissed from this action without incurring a filing fee. If no plaintiff elects to proceed with an amended complaint, the action will be dismissed and the case will be closed, with only Plaintiff Allen incurring an obligation to pay the filing fee.

Any amended complaint will be subject to preliminary review under 28 U.S.C. § 1915A.

Finally, all plaintiffs are **ADVISED** that they are each under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 13, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge